[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed August 29, 1996 CT Page 6150
The defendant-husband has moved to dismiss the above-captioned matter for the reason that prior to its commencement, he had commenced a similar action against the plaintiff-wife in the Superior Court for the Stamford Judicial District.
Having heard argument and testimony concerning the motion, the court makes the following findings and conclusions.
The plaintiff-wife herein was served with a writ of summons and complaint of the above-named defendant seeking a dissolution of their marriage. According to the evidence and testimony, the wife was served by abode service at her residence at approximately 1:30 p. m. on June 20, 1996.
The husband was subsequently served with a writ of summons and complaint of the wife seeking a dissolution of their marriage, which was returnable to the Superior Court at Bridgeport. The evidence and testimony establish that the husband was served at approximately 7:00 p. m. on June 20, 1996, approximately five and one-half hours after the wife was served.
On the following morning, the wife filed the action at the Bridgeport Superior Court Clerk's office at 9:58 a.m. The husband filed his action at the Stamford Superior Court Clerk's office at approximately 11:56 a.m. that same morning.
The issue before the court is whether or not the husband has a "prior pending action" which permits or requires that the wife's action be dismissed or consolidated with his at Stamford.
Section 52-45a, C.G.S. provides, in part, "Civil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return date and place for the filing of an appearance." (Emphasis added.)
The service upon the wife was completed at the time the sheriff left the process at her home, notwithstanding the fact that the wife may not have seen it or become aware of it for sometime thereafter. The husband's action was commenced when the sheriff effectuated abode service. CT Page 6151
The fact that the wife may have had her process time-stamped by the clerk in Bridgeport approximately two hours before the husband had his process time-stamped by the clerk in Stamford does not have any bearing on the commencement proceedings.
The plaintiff-wife further objected to the election by the husband of Stamford as the venue for his action. She maintained that he continues to remain a resident of Trumbull, the town where the marital residence is located. The husband was sworn and testified that prior to the commencement of the action he had changed his residence to the home of a brother in Norwalk and that he considered Norwalk to be his residence.
Section 51-345 (a), C.G.S. provides, in part, "all civil proceedings shall be made returnable to a judicial district as follows . . . (3) If either or both of the plaintiff and defendant are residents of this state, to the judicial district where the plaintiff or defendant resides . . ." The court finds that the defendant is a resident of Norwalk and his election to return the action he commenced to the Stamford Superior Court is a permissible option under the statute.
For the foregoing reasons, the court grants the defendant-husband's motion to dismiss this action.
DOHERTY, J.